UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IVELIZ MORALES, on behalf of herself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>COMMONWEALTH FINANCIAL SYSTEMS, INC.,<br><br>Defendant(s). | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

**LOCAL CIVIL RULE 10.1 STATEMENT**

1. The mailing addresses of the parties to this action are:

   IVELIZ MORALES
   718 Carbray Court
   Plainfield, New Jersey 07080

   COMMONWEALTH FINANCIAL SYSTEMS, INC.
   245 Main Street
   Dickson City, Pennsylvania 18519

**PRELIMINARY STATEMENT**

2. Plaintiff on behalf of herself and all others similarly situated ("Plaintiff"), by and through her attorneys, alleges that the Defendant, COMMONWEALTH FINANCIAL SYSTEMS, INC. ("COMMONWEALTH") and JOHN DOES 1-25 their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

4. Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

5. As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

6. Plaintiff is a natural person, a resident of Union County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. COMMONWEALTH maintains a location at 245 Main Street, Dickson City, Pennsylvania 18519.

8. COMMONWEALTH uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

9. COMMONWEALTH is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series

of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant, in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

> All New Jersey consumers who were sent letters and/or notices from COMMONWEALTH (**See Exhibit A)**, which included the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined.
>
> The Class period begins one year prior to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

> a. Numerosity: The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that violate specific provisions of the FDCPA. Plaintiff is complaining about a standard form letter and/or notice that was sent to at least fifty (50) persons (See **Exhibit A**). The undersigned has, in accordance with FRCP Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.

    b. <u>Commonality</u>: There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

        i. Whether the Defendants violated various provisions of the FDCPA;

        ii. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

        iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

        iv. Whether Plaintiff and the Class are entitled to declaratory relief.

    c. <u>Typicality</u>: Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

    d. <u>Adequacy of Representation</u>: Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

14. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

15. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

16. Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

17. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18. At some time prior to September 17, 2021, Plaintiff allegedly incurred a financial obligation to SOUTHERN BANK EMERGENCY PHYSICIANS ("SB EMERGENCY PHYSICIANS") - a medical service provider.

19. The SB EMERGENCY PHYSICIANS obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

20. Plaintiff incurred the SB EMERGENCY PHYSICIANS obligation by obtaining goods and services which were primarily for personal, family and household purposes.

21. The SB EMERGENCY PHYSICIANS obligation did not arise out of a transaction that was for non-personal use.

22. The SB EMERGENCY PHYSICIANS obligation did not arise out of a transaction that was for business use.

23. The SB EMERGENCY PHYSICIANS obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

24. SB EMERGENCY PHYSICIANS and/or its predecessor is a "creditor" as defined by 15 U.S.C. § 1692a(4).

25. At some time prior to September 17, 2021, the SB EMERGENCY PHYSICIANS obligation was allegedly purchased by and/or sold to PENDRICK CAPITAL PARTNERS LLC ("PENDRICK").

26. On or before September 17, 2021, the SB EMERGENCY PHYSICIANS obligation was referred to COMMONWEALTH by PENDRICK or an intermediary for the purpose of collection.

27. Defendant caused to be delivered to Plaintiff a letter dated September 17, 2021, which was addressed to Plaintiff. A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

28. The September 17, 2021 letter was sent to Plaintiff in connection with the collection of the SB EMERGENCY PHYSICIANS obligation.

29. The September 17, 2021 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

30. Upon receipt, Plaintiff read and relied on the statements contained the September 17, 2021 letter.

31. The September 17, 2021 letter provided the following information regarding the balance claimed due on the SB EMERGENCY PHYSICIANS obligation:

```
Account Balance:    $100.00
Discount Offer:      $50.00
```

32. The September 17, 2021 letter stated in part:

> We have 1 very special option for you to permanently resolve the balance on your past due collection account.
>
> Discount Offer: 50% off your account balance in one payment.
>
> To take advantage of this special offer, simply call your Recovery Representative at 800-835-8985 to make arrangements for payment. We are not obligated to renew this offer. If you cannot accept this offer, we have several other repayment options to fit every budget.

33.     The September 17, 2021 letter also stated in part:

> The law limits how long you can be sued on a debt. Because of the age of your debt, the creditor cannot sue you for it. In many circumstances, you can renew the debt and start the time period for the filing of a lawsuit against you if you take specific actions such as making certain payments on the debt or making a written promise to pay. You should determine the effect of any actions you take with respect to this debt.

34.     Defendant's September 17, 2021 letter caused Plaintiff to be confused.

35.     Defendant's September 17, 2021 letter falsely represents and/or implies that Plaintiff absolutely cannot be sued on the SB EMERGENCY PHYSICIANS obligation UNLESS Plaintiff takes certain specific actions.

36.     The expiration of the statute of limitations does not invalidate a debt, but merely renders it unenforceable.

37.     Under New Jersey law, PENDRICK or a successor creditor can legally file suit against Plaintiff although Plaintiff has a complete legal defense to the suit.

38.     Defendant's September 17, 2021 letter falsely represents and/or implies that if PENDRICK or a successor creditor did file a suit against Plaintiff, then Plaintiff would not need to take any action to preserve her rights.

39. If Plaintiff or others similarly situated failed to assert that the obligations were time-barred in response to being sued by PENDRICK, then Pendrick could seek and would likely be awarded judgments.

40. Defendant's September 17, 2021 letter falsely represents and/or implies that taking "certain specific actions such as making certain payments on the debt or making a written promise to pay" would "renew the debt and start the time period for the filing of a lawsuit".

41. However, an acknowledgement or promise to pay a debt will only restart the statute of limitations if it is unconditional to pay the entire balance and in a signed writing.

42. Further, mere payments without such a writing will not "renew the debt and start the time period for the filing of a lawsuit."

43. If Plaintiff accepted the settlement proposal in the September 17, 2021 letter by tendering a payment by check and the check was returned unpaid for any reason:

   a. would the SB EMERGENCY PHYSICIANS obligation be renewed?

   b. would the time period for filing a lawsuit against Plaintiff on the SB EMERGENCY PHYSICIANS obligation be restarted?

44. COMMONWEALTH knew or should have known that its actions violated the FDCPA.

45. Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

46. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

    (a)    Using false, deceptive or misleading representations or means in connection with the collection of a debt;

    (b)    Making a false representation of the character or legal status of the debt;

    (c)    Threatening to take any action that cannot legally be taken or that is not intended to be taken; and

    (d)    Using unfair or unconscionable means to collect or attempt to collect any debt.

47. Defendants sent written communications in the form annexed hereto as **Exhibit A** to at least 50 natural persons in the state of New Jersey within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*.  VIOLATIONS

48. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

49. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

50. Defendant's letters would cause the least sophisticated consumer to be confused about his or her rights.

51. Defendants' representations violated various provisions of the FDCPA including but not limited to:  15 U.S.C. § 1692e; §1692e(2)(A); §1692e(5); and § 1692e(10).

52. Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

53. Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

54. Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

55. Section 1692e(2)(A) of the FDCPA prohibits a debt collector from making a false representation of the character, amount or legal status of a debt.

56. Defendants violated 15 U.S.C. § 1692e(2)(A) by making false representations of the character and legal status of the debt.

57. As described herein, Defendants violated 15 U.S.C. § 1692e(2)(A).

58. Section 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

59. As described herein, Defendants violated 15 U.S.C. § 1692e(5).

60. Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

61. As described herein, Defendants violated 15 U.S.C. § 1692e(10).

62. Defendants' conduct as described herein constitutes unfair or unconscionable means to collect or attempt to collect any debt.

63. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

64. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

65. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

66. Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

67. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

68. Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: March 9, 2022                                    Respectfully submitted,

                                        By:   *s/ Joseph K. Jones*
                                                  Joseph K. Jones, Esq. (JJ5509)
                                                  JONES, WOLF& KAPASI, LLC
                                                  375 Passaic Avenue
                                                  Fairfield, New Jersey 07004
                                                  Phone: (973) 227-5900
                                                  Fax: (973) 244-0019
                                                  Attorneys for Plaintiff

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

      I, hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.

Dated: March 9, 2022

                                                  *s/ Joseph K. Jones*
                                                  Joseph K. Jones, Esq. (JJ5509)

# EXHIBIT

# A



**COMMONWEALTH FINANCIAL SYSTEMS, INC.**
Phone: 800-835-8985

Hours Of Operation – Eastern Time   Monday – Thursday 8am – 9pm
Friday 8am – 5pm, Saturday 8am – 12pm

ACA INTERNATIONAL
The Association of Credit and Collection Professionals
Member

September 17, 2021

| | |
|---|---|
| Original Creditor: | SOUTHERN BANK EMERGENCY PHYS |
| Original Account #: | ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ |
| Current Creditor: | Pendrick Capital Partners LLC |
| Current Creditor Acct #: | ▇▇▇▇▇▇▇▇▇ |
| Commonwealth Acct #: | ▇▇▇▇▇▇▇▇▇ |
| Account Balance: | $100.00 |
| Discount Offer: | $ 50.00 |

We have 1 very special option for you to permanently resolve the balance on your past due collection account.

Discount Offer:  50% off your account balance in one payment.

To take advantage of this special offer, simply call your Recovery Representative at 800-835-8985 to make arrangements for payment.  We are not obligated to renew this offer.  If you cannot accept this offer, we have several other repayment options to fit every budget.

Thank you for your attention to this matter.

Matthew Smith
800-835-8985
Recovery Representative

Commonwealth Financial Systems
245 Main Street
Dickson City, PA 18519

This is an attempt to collect a debt.  Any information obtained will be used for this purpose.
This is a communication from a debt collector.

The law limits how long you can be sued on a debt. Because of the age of your debt, the creditor cannot sue you for it. In many circumstances, you can renew the debt and start the time period for the filing of a lawsuit against you if you take specific actions such as making certain payments on the debt or making a written promise to pay. You should determine the effect of any actions you take with respect to this debt.

400CTCOMM0130    110187404