<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IVELIZ MORALES, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>COMMONWEALTH FINANCIAL SYSTEMS, INC.,<br><br>  Defendant. | No. 22cv1319 (EP) (JRA)<br><br>**OPINION** |

**PADIN, District Judge**

  This putative class action arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* The plaintiff, Iveliz Morales ("Morales"), received a letter from the defendant/debt collector, Commonwealth Financial Systems, Inc. ("Commonwealth"), regarding a debt owned by non-party Pendrick Capital Partners LLC. Morales alleges that the letter violates Section 1692e of the FDCPA because it contains "false, deceptive and misleading representations about the law with respect to restarting/reviving the statute of limitations on a time-barred debt, and about whether [Morales] could get sued on a time-barred debt." D.E. 9.

  Presently before the Court is Commonwealth's motion to dismiss Morales' complaint under Federal Rule of Civil Procedure 12(b)(6). D.E. 6. The Court has reviewed the parties' submissions and decides the motion without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons stated below, Commonwealth's motion is **GRANTED** and Morales' complaint is **DISMISSED WITH PREJUDICE**.

I.    **BACKGROUND**[1]

Morales is a New Jersey resident who seeks to bring this matter on behalf of herself and all New Jersey consumers who were sent debt collection letters from Commonwealth that allegedly violate the FDCPA. D.E. 1 ¶ 18. She alleges the following facts in support of her individual FDCPA claim against Commonwealth:

"At some time prior to September 17, 2021," Morales incurred a financial obligation to medical service provide Southern Bank Emergency Physicians. D.E. 1 ¶ 18. The rights to collect on that obligation were subsequently transferred to Pendrick Capital Partners LLC, who in turn referred the matter to Commonwealth for collection purposes. *Id.* ¶¶ 25, 26. Commonwealth, in furtherance of that goal, sent Morales a letter dated September 17, 2021 (the "Letter"), which reads, in its entirety, as follows:

> Original Creditor:            SOUTHERN BANK EMERGENCY PHYS
> Original Account #:           [redacted in original]
> Current Creditor:             Pendrick Capital Partners LLC
> Current Creditor Acct #:      [redacted in original]
> Commonwealth Acct #:          [redacted in original]
> Account Balance:              $100.00
> Discount Offer:               $50.00
>
> We have 1 very special option for you to permanently resolve the balance on your past due collection account.
>
>     Discount Offer: 50% off your account balance in one payment.
>
> To take advantage of this special offer, simply call your Recovery Representative at [redacted] to make arrangements for payment. We are not obligated to renew this offer. If you cannot accept this offer, we have several other repayment options to fit every budget.
>
> Thank you for your attention to this matter.
>
> [Recovery Representative, Commonwealth Financial Systems]

---

[1] For the purposes of this Opinion, the Court accepts as true all of the complaint's well-pled factual allegations.

2

> **This is an attempt to collect a debt. Any information obtained will be used for this purpose. This is a communication from a debt collector.**
>
> The law limits how long you can be sued on a debt. Because of the age of your debt, the creditor cannot sue you for it. In many circumstances, you can renew the debt and start the time period for the filing of a lawsuit against you if you take specific actions such as making certain payments on the debt or making a written promise to pay. You should determine the effect of any actions you take with respect to this debt.

*Id.* at Ex. A (emphasis in original).

It is the language within final paragraph of the Letter – and that paragraph only – that Morales claims violates the FDCPA. *See id.* ¶¶ 33-42.

Morales' one-count complaint specifically "alleges that [Commonwealth] violated Sections 1692e, 1692e(2)(A), 1692e(5) and 1692e(10) of the FDCPA[ because the Letter's last paragraph includes] false, deceptive and misleading representations about the law with respect to restarting/reviving the statute of limitations on a time-barred debt, and about whether [Morales] could get sued on a time-barred debt." *See* Pl.'s Memo. of Law in Opp'n to Def.'s Mot. to Dismiss at 2, D.E. 9; *accord* D.E. 1 ¶¶ 48-68.

Morales initiated this action on March 11, 2022. D.E. 1. On May 26, 2022, Commonwealth filed its present Rule 12(b)(6) motion to dismiss. D.E. 6. Morales opposed on June 14, 2022. D.E. 9. And Commonwealth filed its reply on July 12, 2022. D.E. 14.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) does not require that a complaint contain detailed factual allegations. However, the allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Twombly*, 550 U.S. at 570; *see also West Run Student Hous. Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 169 (3d Cir. 2013). That standard is met "when the plaintiff pleads factual content that allows the court to draw

3

the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Id.*

Rule 12(b)(6) provides for the dismissal of a complaint if it fails to state a claim upon which relief can be granted. As the moving party, the defendant bears the burden of showing that no claim has been stated. *Animal Sci. Prods., Inc. v. China Minmetals Corp.*, 654 F.3d 462, 469 n.9 (3d Cir. 2011). For the purposes of the motion, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *New Jersey Carpenters & the Trustees Thereof v. Tishman Const. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014).

The Court, in considering a Rule 12(b)(6) motion, is confined to the allegations of the complaint, with narrow exceptions:

> Although phrased in relatively strict terms, we have declined to interpret this rule narrowly. In deciding motions under Rule 12(b)(6), courts may consider "document[s] *integral* to or explicitly relied upon in the complaint," *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis in original), or any "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document," *PBGC v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

*In re Asbestos Products Liability Litigation (No. VI)*, 822 F.3d 125, 134 n.7 (3d Cir. 2016); *see also Estate of Roman v. City of Newark*, 914 F.3d 789, 796-97 (3d Cir. 2019) ("complaint, exhibits attached to the complaint, [and] matters of public record" as well as documents "that a defendant attaches as an exhibit to a motion to dismiss," if "undisputedly authentic" and "the [plaintiff's] claims are based [on them]"); *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) ("However, an exception to the general rule is that a 'document integral to or explicitly relied upon in the complaint' may be considered 'without converting the motion to dismiss into one for summary judgment.' ") (quoting *In re Burlington Coat Factory*, 114 F.3d at 1426).

4

The complaint attaches a copy of the September 17, 2021 letter from Commonwealth, the wording of which is the foundation of Morales' allegations. *See* D.E. 1 at Ex. A. Its authenticity is not disputed, and the Court therefore may consider it on this motion without converting the motion into one for summary judgment. *See Blair v. Fed. Pac. Credit Co., LLC*, 563 F. Supp. 3d 347, 353-54 (D.N.J. 2021).

### III. ANALYSIS

#### A. The FDCPA

The FDCPA is a consumer protection statute that "imposes open-ended prohibitions on, *inter alia*, false, deceptive or unfair" debt-collection practices. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 587 (2010). To state a claim under the FDCPA, a plaintiff must allege that: "(1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the [FDCPA] defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014).

Here, there is no dispute that Morales has adequately pled the first three elements of her FDCPA claim. Thus, the sole issue that this Court must address for purposes of resolving Commonwealth's Rule 12(b)(6) motion is whether Morales has sufficiently pled facts which show that Commonwealth, in attempting to collect a debt from Morales, violated the FDCPA. In that respect, the basis for Morales' FDCPA claim is incredibly limited: She specifically alleges only that the last paragraph of Commonwealth's Letter violates FDCPA Section 1692e, which states that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." The section includes a non-exhaustive list of prohibited conduct, including, as relevant to Morales' allegations, making false representations as

to the character or "legal status of any debt," § 1692e(2), threatening to "take any action that cannot legally be taken," § 1692e(5), and using "deceptive means" to "attempt to collect any debt," § 1692e(10).

The FDCPA is remedial, and the Court is to "construe its language broadly, so as to effect its purpose." *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006). To determine whether a particular practice or action violates the FDCPA, courts routinely apply the "least sophisticated debtor" standard. *See Jensen v. Pressler & Pressler*, 791 F.3d 413, 418 (3d Cir. 2015). This standard "aims to protect the gullible as well as the shrewd" and also "preserves a quotient of reasonableness and presumes a basic level of understanding and willingness to read with care." *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 427 (3d Cir. 2018) (citations omitted) (alterations removed from original). The least sophisticated debtor standard is objective, "meaning that the specific plaintiff need not prove that *she* was actually confused or misled, only that the objective least sophisticated debtor would be." *Jensen*, 791 F.3d at 419 (emphasis in original).

### B. Time-Barred Debt Under New Jersey Law

Morales' claim turns on the purportedly false, deceptive, and/or misleading nature of Commonwealth's statements with respect to time-barred debt under New Jersey law, specifically. The Court notes the following about the state of the law on that issue: The statute of limitations for the collection of debts under New Jersey law is six years. N.J.S.A. §2A:14-1; *Greene v. Midland Credit Mgmt., Inc.*, No. CV 17-1322 (JLL), 2019 WL 102410, at *3 (D.N.J. Jan. 3, 2019); *see also Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 31 n.2 (3d Cir. 2011) (applying New Jersey's six-year statute of limitations to an FDCPA case where the debt was incurred in New Jersey and the case was brought in New Jersey). When the statute of limitations has run on a debt, the debt is unenforceable in court; the debt, however, is not invalidated or uncollectable, and therefore, a

debt collector can request voluntary payment of a time-barred debt under the FDCPA. *Huertas*, 641 F.3d at 32.

Importantly, New Jersey's six-year statute of limitations on actions to enforce a contractual debt "may be tolled by an acknowledgement or a promise to pay." *Peck v. Donovan*, 565 F. App'x 66, 71 n.3 (quoting *Burlington County Country Club v. Midlantic Nat. Bank South*, 223 N.J. Super. 227, 234 (Ch. Div. 1987). "[I]f such acknowledgment or promise to pay is made after the statute has run, it will act to revive the debt for the statutory period." *Id.* Importantly, though, "an acknowledgement or promise to pay a debt will only restart the statute of limitations if it is unconditional and in a signed writing." *Rubinsky v. Zayat*, Civ. No. 2:14-01540(WJM), 2015 WL 3517629, at *4 (D.N.J. June 4, 2015) (citing N.J.S.A. 2A:14-24). Further, where partial payment of a debt is made after the statute of limitations has run, the party seeking to revive the statute must show (1) payment was partial, and (2) an act or declaration which establishes the debtor's recognition of, and intention to pay the entire claim. *Genova v Total Card, Inc.*, 193 F. Supp. 3d 360, 368-369 (D.N.J. 2016).

### C. Commonwealth's Time-Bar Disclosure is Not False, Deceptive, or Misleading Under Section 1692e

As noted, the final paragraph of Commonwealth's Letter reads, in its entirety, as follows:

> The law limits how long you can be sued on a debt. Because of the age of your debt, the creditor cannot sue you for it. In many circumstances, you can renew the debt and start the time period for the filing of a lawsuit against you if you take specific actions such as making certain payments on the debt or making a written promise to pay. You should determine the effect of any actions you take with respect to this debt.

D.E. 1 at Ex. A.

Morales alleges that this language violates Sections 1692e, 1692e(2)(A), 1692e(5), and 1692e(10) of the FDCPA because it includes "deceptive and misleading representations about the

7

law with respect to restarting/reviving the statute of limitations on a time-barred debt, and about whether [Morales] could get sued on a time-barred debt." D.E. 9 at 2; *accord* D.E. 1 ¶ 51. In her complaint, Morales specifically avers that the above-language falsely implies that she cannot be sued on the debt unless she takes certain actions; this is false because Morales can still be sued on the time-barred debt, but also has a complete legal defense to such a suit. D.E. 1 ¶¶ 35-37. She further avers that the letter is misleading because it implies that if she were (hypothetically) sued on the time-barred debt, she could be led to believe, based on the above-language, that she was obligated to do nothing in response to that lawsuit, which would likely lead to entry of a default judgment against her; in reality, she would need to answer the lawsuit and assert the time-bar defense to avoid such an occurrence. *Id.* ¶¶ 38-39. Morales also claims that the letter is misleading with respect to New Jersey law on the restarting of the six-year debt collection statute of limitations, and what specific actions taken by Morales would and would not trigger that renewal. *Id.* ¶¶ 40-45; *see also* D.E. 9, 7-13 (Morales reiterating, in her opposition to Commonwealth's Rule 12(b)(6) motion, that these are the reasons Commonwealth's Letter violates the FDCPA).

The issue which Morales cannot overcome, however, is that numerous courts, including in this District, have already concluded that language that is substantially similar – and in one case, identical – to the last paragraph in the Letter does not violate the FDCPA. Indeed, in *O'Neill v. Radius Global Solutions, LLC*, Civil Action No. 21-16567 (ES) (JSA), 2022 WL 4483801 (D.N.J. Sept. 27, 2022), Judge Salas concluded that the *exact* same language that is at issue in this case failed to support a cognizable claim under Section 1692e. *Id.* at *7. In so finding, Her Honor expressly rejected plaintiff's arguments: (1) that the "statement about 'making certain payment on the debt' [was] deceptive because partial payment alone is insufficient to restart the statute of limitations under New Jersey law;" and (2) that the "statement about 'making a written promise to

8

pay' [was] deceptive because under New Jersey Law, the writing must convey a promise to pay the entire debt." *Id.* at *8. Judge Salas instead found: (1) that the letter "correctly communicated that [the debt collection agency] could not sue Plaintiff to recover the debt because of the amount of time that had passed"; and (2) that the letter's broad and generic time-bar disclosure, which is not specific to any state law, "'did no more than provide general information cautioning Plaintiff' that his actions 'could change the legal status of the debt.'" *Id.* (citation omitted). It accordingly did not, as the *O'Neill* plaintiff contended, misstate New Jersey law in a manner that rose to the level of an actionable FDCPA violation. *Id.*

Judge Salas also found that "the generic language that 'specific actions such as making certain payment' 'can renew the debt and restart the time period for the filing of a lawsuit against you,' followed by the statement '[y]ou should determine the effect of any actions you take with respect to this debt,'" "could not possibly have affected the least sophisticated debtor's ability to make intelligent decisions." *Id.* at *9 (citing *Jensen*, 791 F.3d at 422) (internal citation to record omitted).

Similarly, in *Genova v. Total Card, Inc.*, 193 F. Supp. 3d 360, 366-67 (D.N.J. 2016), Judge Walls expressly concluded that the statement in a debt collection letter that "[t]he law limits how long you can be sued on a debt [and b]ecause of the age of your debt, Merrick Bank Corporation will not sue you for it" was not an FDCPA-violative false or misleading statement. *Id.* at 366. Judge Walls, in so finding, noted that "[e]ven the 'least sophisticated [debtor]' could not read these statements as an unlawful initiation or threat of litigation. Defendant merely sought voluntary payment on the MBC Debt, something that is permissible even when the statute of limitations has rendered the debt unenforceable." *Id.* at 366-67.

Courts outside of this District have also concluded that language that is substantially similar to that contained in the last paragraph of the Letter fails to support an actionable FDCPA claim. *See*, *e.g.*, *Davis v. Portfolio Recovery Assocs., LLC*, No. 3:20-CV-1063-MMH-JBT, 2021 WL 4133733, at *8 (M.D. Fla. Sept. 10, 2021) (no FDCPA violation where collection letter stated: "The law limits how long you can be sued on a debt and how long a debt can appear on your credit report.  Due to the age of this debt, we will not sue you for it or report payment or non-payment of it to a credit bureau.  Depending on the laws of your state, certain actions, such as making a payment or promising to pay the debt, may restart the time period for the filing of a lawsuit against you; but even if that were the case, we still would not sue you on this debt."); *Bell v. Cascade Cap. LLC*, No. 2:19-CV-01559, 2020 WL 1042423, at *1 (W.D. La. Mar. 3, 2020) (finding that following statement in collection letter was neither false nor misleading, and thus, not actionable under FDCPA: "The legal time limit (statute of limitations) for suing to collect this debt has expired.  Even when the statute of limitations has expired, you may choose to make payments on the debt.  Be aware: if you make a payment on the debt, admit to owing the debt, promise to pay the debt, or waive the statute of limitations on the debt, the time period in which the debt is enforceable may start again."); *Domke v. MRS BPO, LLC*, No. 8:19-CV-1442-T-36AEP, 2020 WL 513807, at *1 (M.D. Fla. Jan. 31, 2020) (no FDCPA violation based on following language: "The law limits how long you can be sued on a debt.  Because of the age of your debt, JEFFERSON CAPITAL SYSTEMS LLC cannot sue you for it. . . . In many circumstances, you can renew the debt and restart the time period for the filing of a lawsuit against you if you take specific action such as making certain payment on the debt or making a written promise to pay.  You should determine the effect of any actions you take with respect to this debt."); *see also Buchanan v. Northland Group, Inc.*, 776 F.3d 393, 399-400 (6th Cir. 2015) (noting that a letter including a

disclaimer that "[t]he law limits how long you can be sued on a debt. Because of the age of your debt, [the debt owner] will not sue you for it, and [the debt owner] will not report it to any credit reporting agency" would not violate the FDCPA).

In short, Morales' claim that the language in final paragraph of the Letter contains false, deceptive, and misleading representations about the law with respect to restarting/reviving the statute of limitations on a time-barred debt, and about whether Morales could get sued on a time-barred debt is inconsistent with numerous court decisions holding that similarly-worded language fails to support an actionable under claim under FDCPA Section 1692e. It is also contrary to Judge Salas' recent decision in *O'Neil*, in which Her Honor held that the *exact* same language failed to give rise to a claim under FDCPA Section 1692e. And because Morales' sole claim in this action is based on her assertion that the final paragraph of the Letter violates FDCPA Section 1692e, her complaint will be dismissed.

**D. Amendment of the Complaint**

The Court need not permit Morales an opportunity to amend if it would be futile. *See*, *e.g.*, *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 106 (3d Cir. 2002). Here, an amendment to Morales' dismissed Section 1692e claim would be futile because that claim is based entirely on the last paragraph of the September 17, 2021 Letter which is properly before the Court. For the reasons set forth in this Opinion, the language in the Letter's final paragraph does not violate FDCPA Section 1692e. There are no additional facts that Morales could allege with respect to that paragraph that would cure the deficiencies noted herein. Accordingly, Morales' claim that the Letter's final paragraph violates FDCPA Section 1692e is dismissed with prejudice as futile. *See Akegnan v. Trinity Fin. Servs.*, LLC, 22-15761, 2021 WL 5984896, at *7 (D.N.J. Dec. 6, 2021) (noting that courts in the

Third Circuit "have dismissed FDCPA claims with prejudice where amendment would be futile") (collecting cases). And because this is the lone claim asserted in her pleading, Morales' complaint is also dismissed with prejudice.

## IV. CONCLUSION

For the reasons above, Commonwealth's motion is **GRANTED**. Morales' complaint is **DISMISSED WITH PREJUDICE**.

Dated: December 16, 2022

_____
Evelyn Padin, U.S.D.J.